PER CURIAM.
Pursuant to an order of the county court (not challenged below or here), approximately fifty domesticated animals owned by the appellant were removed from his farm by County officials and remanded to the custody of the Humane Society.[1] Subsequently, Standifer sued Metropolitan Dade County and the Humane Society, alleging in Count I of his amended complaint that the Humane Society sold his animals and unlawfully retained the proceeds of the sale. He appeals from an order dismissing Count I.[2]
We affirm the order of dismissal as to Metropolitan Dade County and reverse the order of dismissal as to the Humane Society upon the following briefly stated legal analysis.
*54 First, the County’s removal of the animals pursuant to a lawful court order is plainly not actionable where, as here, neither the legality of the order nor the act of removing the animals is challenged, and the dismissal of the County is therefore proper. Second, because the removal of the animals from Standifer’s farm merely ousted him from his right to custody and did not in the least affect his ownership interest, his suit against the Humane Society lies where he has alleged, albeit inartfully, that the Humane Society was unjustly enriched by the sale.[3] According to Section 828.073(6), Florida Statutes (1985) (although applicable by its terms to auctions only), the Humane Society may retain only the expenses it has incurred in respect to the sale, care, and provision for the animals, with the remainder to go to the owner.[4] Third, it follows from our reinstatement of Standifer’s cause of action for the net proceeds of the sale that the trial court’s transfer of Count II of Standifer’s amended complaint to the county court can no longer stand.
Affirmed in part, reversed in part, and remanded.

. The Humane Society of Greater Miami and Dade County Society for Prevention of Cruelty to Animals, Inc. is one entity. The statute authorizing the court to remand neglected or mistreated animals to the custody of such an organization refers to the Humane Society and the S.P.C.A. as separate entities, as they may be in other Florida communities. See § 828.073(4)(b)2, Fla.Stat.

. Count II of Standifer’s complaint, alleging that the Humane Society converted Standifer’s horse trailer to its own use, remains pending but was transferred to the county court for failure to meet the threshold monetary requirements for circuit court jurisdiction.

. Although the Humane Society correctly observes that Standifer’s action is not properly one for conversion of the animals since his possesso-ry interest was divested pursuant to a lawful and unchallenged court order, his allegations are broad enough to encompass his claim that the Humane Society was unjustly enriched by retaining the proceeds of the sale of the animals.

. Our decision merely reflects our view that Count I of Standifer’s complaint states a cause of action. We express no view on the merits of his allegations or even if, as alleged, the Humane Society profited from the sale.